IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2188-D

| | | |
|---|---|---|
| SCOTT PAINTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LESLIE COOLEY-DISMUKES, | ) | |
| | ) | |
| Respondent. | ) | |

Scott Painter ("Painter" or "petitioner"), a state inmate proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On October 10, 2025, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed the petition to proceed [D.E. 4]. On February 16, 2026, respondent moved to dismiss the petition as time-barred [D.E. 14] and filed a memorandum in support and exhibits [D.E. 15]. The next day, the court notified Painter about respondent's motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 16]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 6, 2026, Painter responded in opposition [D.E. 19]. As explained below, the court grants respondent's motion to dismiss the petition.

I.

On May 24, 2021, in Wayne County Superior Court, a jury found Painter guilty of second-degree murder and driving while impaired. See [D.E. 15-1] 1–6. The superior court arrested judgment for the impaired driving conviction and sentenced Painter to 196 to 248 months' imprisonment for his second-degree murder conviction. See id. at 1, 4; [D.E. 15-2] 2, 6. Painter

appealed. On July 5, 2023, the North Carolina Court of Appeals found no error. See State v. Painter, No. COA22-864, 2023 WL 4346028, at *9 (N.C. Ct. App. July 5, 2023) (unpublished). On August 9, 2023, Painter petitioned for discretionary review in the North Carolina Supreme Court, which denied the petition on March 20, 2024. See State v. Painter, 898 S.E. 2d 311 (N.C. 2024) (mem.).

Painter signed his section 2254 petition on August 2, 2025, and filed it on August 7, 2025. See [D.E. 1] 1, 14. In his habeas petition, Painter makes four claims: (1) the State violated his Fourth Amendment rights by testing his blood alcohol level without his consent or court order; (2) his trial and appellate counsel were ineffective for failing to argue that the State violated his "privacy [] and Constitutional rights" by testing his blood alcohol level without his consent; (3) the State violated his rights to due process under the Fourteenth Amendment by failing to provide "written notice of its intent to prove the existence of one or more aggravating factors" or prior record level points at least 30 days before trial; and (4) Wayne County Superior Court lacked jurisdiction because the crime occurred in Duplin County. Id. at 5–10; see [D.E. 1-1] 4–14. Painter seeks an evidentiary hearing "so [he] can prove his claim." [D.E. 1-1] 15. Painter also asks the court to vacate his sentence and order a new trial. See [D.E. 1] 14; [D.E. 1-1] 15.

## II.

A motion to dismiss under Rule 12(b)(6) tests the petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a petition "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (cleaned up); see Twombly, 550 U.S. at 570;

2

Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (citation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A pro se petition, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). But Erickson does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano, 521 F.3d at 304 n.5 (cleaned up); see Seabrook v. Driscoll, 148 F.4th 264, 269 (4th Cir. 2025) ("[L]iberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." (cleaned up)). Moreover, a court need not accept as true a petition's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a petitioner's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the petition and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the [petition] and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (citation

3

omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Respondent argues the petition is untimely. See [D.E. 15] 6–8. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires that a person in custody under a state court judgment petition for a writ of habeas corpus within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

The one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. See Taylor, 186 F.3d at 560–61. The time, however, between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 635–38 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438 (4th

4

Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Once the state's highest court resolves the state post-conviction proceedings, the limitation period resumes. See, e.g., Holland, 560 U.S. at 635–36, 638; Hernandez, 225 F.3d at 438; Harris, 209 F.3d at 327–28.

The court must determine when Painter's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because Painter did not seek further direct review to the United States Supreme Court, his conviction became final no later than June 18, 2024, 90 days after the North Carolina Supreme Court denied review. See, e.g., Clay v. United States, 537 U.S. 522, 527 (2003). The statutory period then began to run on June 18, 2024, and ran for 365 days until it expired on June 18, 2025. Accordingly, absent equitable tolling, Painter's petition is untimely.

Equitable tolling applies to the AEDPA's one-year statute of limitations only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (cleaned up); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). Equitable tolling under section 2244 is limited to "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (cleaned up); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330; cf. Wolfe v. Dotson, 144 F.4th 218, 231 (4th Cir. 2025), cert. denied, No. 25-664, 2026 WL 1052117 (U.S. Apr. 20, 2026).

According to Painter, "[o]n September 10, 2024, [he] received a letter from Beth McNeill team managing attorney at NCPLS telling [Painter] she could help [him] with a State MAR or that [he] could challenge [his] conviction in Federal Court. Based on her calculations [Painter] had

until Aug[ust] 18, 2025." [D.E. 19] 2. An attorney's miscalculation or misreading of the statute of limitations does not constitute extraordinary circumstances to justify equitable tolling. See Harris, 209 F.3d at 330–31; see also Holland, 560 U.S. at 651–52. Moreover, unfamiliarity with the legal process or lack of representation do not constitute grounds for equitable tolling. See, e.g., United States v. Herrera-Pagoada, 14 F.4th 311, 319 (4th Cir. 2021); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

To the extent Painter seeks equitable tolling based on his alleged hospitalization from the middle of October 2024 through July 14, 2025,[1] his conclusory allegations fail to satisfy either element of the equitable tolling analysis. See, e.g., Lang v. Alabama, 179 F. App'x 650, 652 (11th Cir. 2006) (per curiam) (unpublished); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (en banc); Hardin v. United States, No. 3:17-CR-137, 2020 WL 2542868, at *6 (W.D.N.C. May 19, 2020) (unpublished). Accordingly, equitable tolling does not apply, and the court dismisses Painter's petition as untimely.

To the extent Painter cites his "actual innocence" to overcome the procedural bar of section 2244(b)(3)(A), "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (cleaned up); see Schlup v. Delo, 513 U.S. 298, 329 (1995); Wolfe, 144 F.4th at 233; Finch v. McKoy, 914 F.3d 292, 298 (4th Cir. 2019). To present a credible actual-innocence claim, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

---

[1] Painter states he was in the hospital from the middle of October 2024 through "July 14." See [D.E. 19] 2. The court assumes Painter was hospitalized until July 14, 2025.

6

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Painter has failed to meet this exacting standard.

As for Painter's motion for an evidentiary hearing, he has not made the requisite showing. See, e.g., Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts; Maynard v. Dixon, 943 F.2d 407, 412–13 (4th Cir. 1991). Thus, the court denies the motion.

The court finds that reasonable jurists would not find the court's treatment of Painter's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 14], DISMISSES as untimely Painter's petition for a writ of habeas corpus [D.E. 1], and DENIES a certificate of appealability. The clerk SHALL close the case.

SO ORDERED. This _8_ day of June, 2026.

JAMES C. DEVER III
United States District Judge

7